UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RIVER POINT FARMS, LLC, an Oregon limited
liability company,

                Plaintiff,                Case No.: 5:09-CV-00612
                                          (GTS/GHL)

     -vs-

EMPIRE FRESH CUTS, LLC, a New York
limited liability company; JAMES R. ZAPPALA,
an individual; and SAMUEL A. ZAPPALA, an
individual,

                Defendants.

_____

## ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION
## SHOULD NOT BE ENTERED,
## AND TEMPORARY RESTRAINING ORDER

Upon review of the Complaint of Plaintiff, RIVER POINT FARMS, LLC ("RPF" or

"Plaintiff"), on file in the above-captioned action, and the declaration of Robert C. Hale,

President, Director and Member of RPF, sworn on the 22nd day of May, 2009; Attorney

Certification Why Notice Should Not Be Required Pursuant to Rule 65(b); Memorandum of

Law; and other pleadings, papers and proceedings filed heretofore herein, let the Defendant,

Empire Fresh Cuts, LLC ("Empire") show cause before this Court on the **3rd day of June, 2009**

**at 10 a.m.** or as soon thereafter as counsel can be heard, at the United States Courthouse, 100 S.

Clinton Street, Syracuse, NY 13261-7367, before the Honorable Glenn T. Suddaby, why an

order for Preliminary Injunction should not be entered in accordance with Rule 65(a) of the

Federal Rules of Civil Procedure to enforce the statutory trust pursuant to Section 5(c) of the

Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c), by segregating all trust assets of

Empire.  Sufficient cause appearing therefore, it is:

**ORDERED**, that pending hearing and determination of Plaintiff's Motion for a

Preliminary Injunction, the corporate Defendant, Empire, its agents, officers, including

Defendants, James R. Zappala, and Samuel A. Zappala, subsidiaries, assigns, and financial and

banking institutions, shall not alienate, dissipate, pay over or assign any PACA trust assets to

any creditor, person or entity, without agreement of the parties or until further order of this

Court, or until said Defendant pays RPF the sum of $189,718.92 by cashiers' check or certified

check.  Under §499e(c)(2) of PACA, trust assets include perishable agricultural commodities

received by a commission merchant, deal or broker in all transactions, and all inventories of food

or other products derived from perishable agricultural commodities, and any receivable or

proceeds from the sale of such commodities or products, and it is further

**ORDERED**, that this Order shall be binding upon the parties to this action, their officers,

agents, employees, banking institutions, or attorneys and all other persons or entities who receive

actual notice of this Order by personal service or otherwise, and it is further

**ORDERED**, that RPF is not required to give security in view of the fact that Defendant,

Empire, now holds $189,718.92 of PACA trust assets which are RPF's property and that this

Order merely requires Empire to obey the requirements of federal law, and it is further

**ORDERED**, that RPF must serve Defendants, or their resident agent, or their counsel

with a copy of this Order, by personal service, including by facsimile transmission or federal

express, on or before the end of the **1st day of June, 2009.**  Such service will be deemed good

and sufficient.

**ORDERED**, that Defendants must file any and all responsive papers to Plaintiff's

Motion for Preliminary Injunction by **June 2, 2009 at 5:00 p.m.**

**DONE and ORDERED**, this 29th day of May, 2009 at Syracuse, New York.


Hon. Glenn T. Suddaby
U.S. District Judge

Order To Show Cause Why Preliminary Injunction Should
Not Be Entered                                                                              Page 3 of  3